1  Shaun Setareh (SBN 204514)
     shaun@setarehlaw.com
2  H. Scott Leviant (SBN 200834)
     scott@setarehlaw.com
3  SETAREH LAW GROUP
   9454 Wilshire Boulevard, Suite 907
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff
   ELAINE P. GOMEZ-ORTEGA

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11

| 12 | ELAINE P. GOMEZ-ORTEGA, on behalf of herself, all others similarly situated, | Case No. 3:17-cv-06971 |
|---|---|---|

12  ELAINE P. GOMEZ-ORTEGA, on behalf of
    herself, all others similarly situated,          Case No. 3:17-cv-06971

13                                                   **CLASS ACTION**
                        *Plaintiff*,
14                                                   **FIRST AMENDED COMPLAINT**
                   vs.
15                                                   1.  Failure to Provide Meal Periods (Lab. Code
    DEJA VU – SAN FRANCISCO, LLC, a                      §§ 204, 223, 226.7, 512 and 1198);
16  Nevada limited liability company; DEJA VU       2.  Failure to Provide Rest Periods (Lab. Code
    INC., a Nevada corporation; DEJA VU                 §§ 204, 223, 226.7 and 1198);
17  SERVICES, INC., a Michigan corporation;        3.  Failure to Pay Hourly Wages (Lab. Code §§
    PINE TREE ASSETS, INC., a Michigan                  223, 510, 1194, 1194.2, 1197, 1997.1 and
18  corporation, DEJA VU SHOWGIRLS OF                   1198);
    SAN FRANCISCO, LLC, a Nevada limited          4.  Failure to Provide Accurate Written Wage
19  liability company; DEJA VU SHOWGIRLS-             Statements (Lab. Code §§ 226(a));
    SACRAMENTO, LLC, a Nevada limited            5.  Failure to Timely Pay All Final Wages
20  liability company; DEJA VU – HIGHLAND             (Lab. Code §§ 201, 202 and 203);
    PARK, LLC, a Nevada limited liability        6.  Failure to Pay Wages Without Discount
21  company; and DOES 1 through 50, inclusive,       (Lab. Code § 212);
                                                   7.  Unfair Competition (Bus. & Prof. Code §§
22                      *Defendants*.                  17200 *et seq.*);
                                                   8.  Failure to Pay Employees For All Hours
23                                                     Worked (29 U.S.C. §§ 201 *et seq.*);
                                                   9.  Civil Penalties (Lab. Code §§ 2698 *et seq.*)
24

25                                                   **JURY TRIAL DEMANDED**

26

27

28

---
                    FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff ELAINE P. GOMEZ-ORTEGA ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, complains and alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this class and representative action against Defendants DEJA VU – SAN FRANCISCO, LLC, a Nevada limited liability company; DEJA VU INC., a Nevada corporation; DEJA VU SERVICES, INC., a Michigan corporation; PINE TREE ASSETS, INC., a Michigan corporation, DEJA VU SHOWGIRLS OF SAN FRANCISCO, LLC, a Nevada limited liability company; DEJA VU SHOWGIRLS-SACRAMENTO, LLC, a Nevada limited liability company; DEJA VU – HIGHLAND PARK, LLC, a Nevada limited liability company; and DOES 1 through 50, inclusive (collectively referred to as "Defendants") for alleged violations of the Labor Code and Business and Professions Code.  As set forth below, Plaintiff alleges that Defendants have

(1)      failed to provide him and all other similarly situated individuals with meal periods;

(2)      failed to provide them with rest periods;

(3)      failed to pay them premium wages for missed meal and/or rest periods;

(4)      failed to pay them premium wages for missed meal and/or rest periods at the regular rate of pay;

(5)      failed to pay them at least minimum wage for all hours worked;

(6)      failed to pay them overtime wages at the correct rate;

(7)      failed to pay them double time wages at the correct rate;

(8)      failed to pay them without discount;

(9)      failed to provide them with accurate written wage statements; and

(10)     failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class and representative action to recover unpaid wages, restitution and related relief on behalf of herself, all others similarly situated, and the general public.

///

**JURISDICTON AND VENUE**

1.      This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. section 1331 because these claims seek redress for violation of Plaintiff's and the putative class' federal statutory rights under the Fair Labor Standard Act (28 U.S.C. sections 201 *et seq.*).

2.      This Court has supplemental jurisdiction over Plaintiff's and the putative class' state law claims pursuant to 28 U.S.C. section 1367(a) because these claims are so closely related to Plaintiff's and the putative class' federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District under 28 U.S.C. section 1391(b)(2) and (c) because a substantial part of the events and omissions giving rise to the claims alleged in this complaint occurred in this District.

4.      This Court has personal jurisdiction over this matter because Defendants conduct substantial business activity in this District, and because many of the unlawful acts described in this complaint occurred in this District and gave rise to the claims alleged.

**PARTIES**

5.      Plaintiff ELAINE P. GOMEZ-ORTEGA is, and at all relevant times mentioned herein, an individual residing in the State of California.

6.      Plaintiff is informed and believes, and thereupon alleges that Defendant DEJA VU – SAN FRANCISCO, LLC is, and at all relevant times mentioned herein, a Nevada limited liability company doing business in the State of California.

7.      Plaintiff is informed and believes, and thereupon alleges that Defendant DEJA VU INC. is, and at all relevant times mentioned herein, a Nevada limited liability company doing business in the State of California.

8.      Plaintiff is informed and believes, and thereupon alleges that Defendant DEJA VU SERVICES, INC. is, and at all relevant times mentioned herein, a Michigan corporation doing business in the State of California.

9.      Upon information and belief, Plaintiff alleges that Defendant PINE TREE ASSETS, INC. is, and at all relevant times mentioned here, a Michigan corporation doing business in the State

1  of California.

2      10.    Plaintiff is informed and believes, and thereupon alleges that Defendant DEJA VU

3  SHOWGIRLS OF SAN FRANCISCO, LLC is, and at all relevant times mentioned herein, a

4  Nevada corporation doing business in the State of California.

5      11.    Plaintiff is informed and believes, and thereupon alleges that Defendant DEJA VU

6  SHOWGIRLS-SACRAMENTO, LLC is, and at all relevant times mentioned herein, a Nevada

7  limited liability company doing business in the State of California.

8      12.    Plaintiff is informed and believes, and thereupon alleges that Defendant DEJA VU –

9  HIGHLAND PARK, LLC is, and at all relevant times mentioned herein, a Nevada limited liability

10  company doing business in the State of California.

11      13.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

12  DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.

13  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

14  when ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the

15  fictitiously named defendants are responsible in some manner for the occurrences, acts and

16  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

17  defendants, and each of them.  Plaintiff will amend this complaint to allege both the true names and

18  capacities of the DOE defendants when ascertained.

19      14.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

20  mentioned herein, some or all of the defendants were the representatives, agents, employees,

21  partners, directors, associates, joint venturers, principals or co-participants of some or all of the

22  other defendants, and in doing the things alleged herein, were acting within the course and scope of

23  such relationship and with the full knowledge, consent and ratification by such other defendants.

24      15.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

25  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert

26  and conspired with one another, and aided and abetted one another to accomplish the occurrences,

27  acts and omissions alleged herein.

28  ///

FIRST AMENDED CLASS ACTION COMPLAINT

1                                              **CLASS ALLEGATIONS**

2          16.      This action has been brought and may be maintained as a class action pursuant to

3    Federal Rules of Civil Procedure 23 because there is a well-defined community of interest among

4    the persons who comprise the readily ascertainable classes defined below and because Plaintiff is

5    unaware of any difficulties likely to be encountered in managing this case as a class action.

6          17.      **Relevant Time Period**:  The relevant time period is defined as the time period

7    beginning four years prior to the filing of this action until judgment is entered.

8          **Hourly Employee Class**:  All persons employed by Defendants and/or any staffing agencies
     and/or any other third parties in hourly or non-exempt positions in California during the
9          **Relevant Time Period**.

10              **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
                shift in excess of five hours during the **Relevant Time Period**.
11
                **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
12              of at least three and one-half (3.5) hours during the **Relevant Time Period**.

13              **Wage Statement Penalties Sub-Class**:  All **Hourly Employee Class** members
                employed by Defendants in California during the period beginning one year before
14              the filing of this action and ending when final judgment is entered.

15              **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
                separated from their employment with Defendants during the period beginning three
16              years before the filing of this action and ending when final judgment is entered.

17          **UCL Class**:  All **Hourly Employee Class** members employed by Defendants in California
            during the **Relevant Time Period**.
18
            **FLSA Class**:  All persons employed by Defendants and/or any staffing agencies and/or any
19          other third parties in hourly or non-exempt positions as dancers/entertainers in the United
            States during the **Relevant Time Period**.
20

21          18.      **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the

22    right to amend or modify the class definitions with greater specificity, by further division into sub-

23    classes and/or by limitation to particular issues.

24          19.      **Numerosity**:  The class members are so numerous that the individual joinder of each

25    individual class member is impractical.  While Plaintiff does not currently know the exact number

26    of class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

27    exceeds the minimum required for numerosity under California law.

28          20.      **Commonality and Predominance:**  Common questions of law and fact exist as to

                                                        4

all class members and predominate over any questions which affect only individual class members. These common questions include, but are not limited to:

      A.   Whether Defendants misclassified class members as independent contractors;

      B.   Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

      C.   Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

      D.   Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

      E.   Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

      F.   Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

      G.   Whether Defendants used payroll formulas that systematically fail to account for non-discretionary bonuses and/or other applicable remuneration when calculating regular rates of pay for class members;

      H.   Whether Defendants failed to pay overtime wages to class members as a result of incorrectly calculating their regular rates of pay;

      I.   Whether Defendants failed to pay premium wages to class members based on their respective "regular rates of compensation" by not including commissions and/or other applicable remuneration in calculating the rates at which those wages are paid;

      J.   Whether Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and total hours worked;

      K.   Whether Defendants failed to pay class members all wages without discount;

L.    Whether Defendants applied policies or practices that result in late and/or incomplete final wage payments;

M.    Whether Defendants are liable to class members for waiting time penalties under Labor Code section 203;

N.    Whether class members are entitled to restitution of money or property that Defendants may have acquired from them through unfair competition;

21.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

22.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

23.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

24.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make I difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

**GENERAL ALLEGATIONS**

25.    Plaintiff was hired and worked for Defendants as a dancer/performer during two separate periods of time beginning August 2016 through October 2016; and then beginning February 2017 through July 5, 2017.

**Misclassification as Independent Contractor**

26.    Plaintiff's job duties included but were not limited to performing erotic private and stage dances, and included using her skills, artistic talents and her best efforts to market and sell personal dances.

27.    Defendants retained significant control over the working conditions of Plaintiff and the putative class. Although Defendants did not expressly dictate the start and end times for each dancer/performer, the compensation plan was structured so that performers were (1) inclined to work on a pre-designated schedule; (2) arrive and be ready to perform by 6:00 P.M.; and (3) work at least six hours in order to be eligible for the maximum compensation rate.

28.    Plaintiff and the putative class were also required to engage in promotional work for Defendants by handing out flyers and promotional materials outside of Defendants' entertainment venue.

29.    Plaintiff and the putative class used Defendants' facilities to perform their duties and made in investment in the space and venue used to perform their work. Defendants provided Plaintiff and the putative class with personal dance rooms, VIP areas and stage for her performances.

30.    Moreover, Defendants paid Plaintiff and the putative class based solely on dance fees and VIP charges for the use of designated areas attributable to the entertainment services that each dancer/performer provides. This compensation structure did not take into account the actual number of hours worked.

31.    Defendants retained the right to supervise, discipline and fire dancers/performers. Plaintiff and the putative class dealt with Defendants' managerial and supervisory staff on a daily basis.

32.    Despite Defendants' characterization of Plaintiff and the putative class as

independent contractors, they should have been classified as employees and were entitled to the protections and rights under the Labor Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

33.     Defendants willfully misclassified Plaintiff and the putative class as independent contractors.  At all relevant times, they have engaged in a pattern and/or practice of intentionally misclassifying Plaintiff and the putative class as independent contractors.  As a result of such policies and practices, Plaintiff and the putative class were:

A.     not provided with meal periods in violation of the Labor Code and Wage Order;

B.     not provided with rest periods in violation of the Labor Code and Wage Order;

C.     not provided with hourly wages for all hours worked in violation of the Labor Code;

D.     not provided with overtime and/or double time wages for all overtime and double time hours worked in violation of Labor Code;

E.     not provided with accurate wage statements in violation of the Labor Code;

F.     not provided with timely final wages in violation of the Labor Code.

**Missed Meal Periods**

34.     Plaintiff and the putative class members were not provided with meal periods of at least thirty (30) minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling each meal period as part of each work shift; (2) no formal written meal and rest period policy that encouraged employees to take their meal and rest periods; and (3) intentional misclassifying them as independent contractors so as to justify not providing them with any meal periods.

35.     As a result of Defendants' policy, Plaintiff and the putative class were regularly not provided with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hours worked due to complying with Defendants' productivity requirements that required Plaintiff and the putative class to work through their meal periods in order to complete their assignments on

1  time.

2  ///

3  **Missed Rest Periods**

4  36.    Plaintiff and the putative class members were not provided with rest periods of at

5  least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1)

6  Defendants' policy of not scheduling each est period as part of each work shift; (2) no formal

7  written meal and rest period policy that encouraged employees to take their meal and rest periods;

8  and (3) intentional misclassifying them as independent contractors so as to justify not providing

9  them with any rest periods.

10  37.    As a result of Defendants' policy, Plaintiff and the putative class were regularly not

11  provided with uninterrupted rest periods of at least ten (10) minutes for each four (4) hours worked

12  due to complying with Defendants' productivity requirements that required Plaintiff and the

13  putative class to work through their rest periods in order to complete their assignments on time.

14  **Regular Rate of Pay**

15  38.    The regular rate of pay under California law includes all remuneration for

16  employment paid to, on behalf of, the employee. This requirement includes, but is not limited, to,

17  commissions and non-discretionary bonuses.

18  39.    During the applicable limitations period, Defendants violated the rights of Plaintiff

19  and the putative class under the above-referenced Labor Code sections by failing to pay them

20  overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194, and 1198

21  as a result of not correctly calculating their regular rate of pay to include all applicable

22  remuneration, including, but not limited to, non-discretionary bonuses and/or shift differential pay.

23  **Piece Rate**

24  40.    Plaintiff and the putative class members were hired as dancers/performers and were

25  paid based a piece rate basis as they were paid solely based on each dance they performed.

26  41.    Plaintiff and the putative class were compensated based on a piece rate compensation

27  plan. However, Defendants required and expected Plaintiff and the putative class to spend

28  substantial amounts of time under the control of Defendants and performing non-compensable tasks

9

1 (i.e. tasks for which Plaintiff and the putative class were paid nothing under Defendants' pay plan)

2 such as dancing on the stage for which they were paid no wages but got to keep any tips they

3 received and performing marketing duties such as handing out flyers and promotional materials

4 outside of Defendants' entertainment venue.

5       42.    In California, an employer is required to pay an employee for "all hours worked"

6 which includes all time that an employee is under the control of the employer and including all time

7 that the employee is suffered or permitted to work.  This includes the time an employee spends,

8 either directly or indirectly, performing services which inure to the benefit of the employer and any

9 time during which an employer's policies and procedures do not allow employees to use that time

10 effectively for their own purposes. *Morillion v. Royal Packing Co.* (2002) 22 Cal.4th 575, 586-588;

11 *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968.  In turn, this includes but is not

12 limited to time spent by employees during which they cannot effectively use for their own purposes

13 because the employees are compelled to do so by the necessities of the employer's business.

14       43.    The minimum wage statute applicable to Defendants' business currently provides:

15 "Every employer shall pay to each employee, on the established payday for the period involved, not

16 less than the applicable minimum wage *for all hours worked* in the payroll period, whether the

17 remuneration is measure by time, piece, commission or otherwise." (Italics added.)  This language

18 expresses the intent to ensure that employees be compensated at the minimum wage for each hour

19 worked.

20       44.    Labor Code sections 1194 and 1197 require that an employer compensate employees

21 for "hours worked" at least at a minimum wage rate of pay as established by the wage orders.

22       45.    Despite the California law requires employers to pay employees for all hours worked

23 at least at a minimum wage rate, Defendants suffered and permitted Plaintiff and the putative class

24 to perform non-compensable related work for which they received no compensation at all.

25       46.    Plaintiff and the putative class were paid based on private dances they performed for

26 Defendants' patrons without regard to the amount of hours actually worked.  This payment scheme

27 could result in a daily wage that is less than the legal minimum wage and failed to compensate the

28 dancers/performers for daily overtime and double time to which they were entitled.

47.    Defendants failed to pay Plaintiff and the putative class at least the minimum wage for all hours worked, including overtime and/or double time hours when they worked overtime and/or double time.

**Pay Discount**

48.    Defendants provide to their patrons "Club Dollars" that may be redeemed for dances. Although Plaintiff and the putative class are not required to accept Club Dollars as a form of payment for their services, they are redeemed at ninety percent (90%) of their face value when they are tendered to Defendants for payment.

49.    As a result of Defendants' policy and/or practice of redeeming Club Dollars at ninety percent of their face value, Plaintiff and the putative class were not paid all their wages without discount in violation of the Labor Code.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

**(Plaintiff and Meal Period Sub-Class)**

50.    Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully alleged herein.

51.    At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendant entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order.

52.    Labor Code section 512 and Section 11 of the applicable Industrial Welfare Commission Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

53.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of

1    premium wages on each workday that the employee is not provided with the required meal period.

2        54.    Compensation for missed meal periods constitutes wages within the meaning of

3    Labor Code section 200.

4        55.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

5    violate the applicable Wage Order.

6        56.    Section 11 of the applicable Wage Order states:

7            "No employer shall employ any person for a work period of more than five (5) hours
            without a meal period of not less than 30 minutes, except that when a work period of
8            not more than six (6) hours will complete the day's work the meal period may be
            waived by mutual consent of the employer and employee.  Unless the employee is
9            relieved of all duty during a 30 minute meal period, the meal period shall be
            considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal
10           period shall be permitted only when the nature of the work prevents an employee
            from being relieved of all duty and when by written agreement between the parties
11           an on-the-job paid meal period is agreed to.  The written agreement shall state that
            the employee may, in writing, revoke the agreement at any time."

12

13       57.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

14   agreement.  Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

15   members were not subject to valid on-duty meal period agreements with Defendants.

16       58.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

17   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

18   **Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for

19   each five (5) hour work period, as required by Labor Code section 512 ad the applicable Wage

20   Order.

21       59.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

22   Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

23   **Class** members when they worked five (5) hours without clocking out for any meal period.

24       60.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

25   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal**

26   **Period Sub-Class** with a second meal period when they worked shifts of ten or more hours and

27   failed to pay them premium wages as required by Labor Code 512 and the applicable Wage Order.

28       61.    Moreover, Defendants written policies do not provide that employees must take their

1  first meal period before the end of the fifth hour of work, that they are entitled to a second meal
2  period if they work a shift of over ten hours, or that the second meal period must commence before
3  the end of the tenth hour of work, unless waived.

4  62.  At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**
5  **Class** members additional premium wages, and/or were not paid premium wages at the employees'
6  regular rates of pay when required meal periods were not provided.

7  63.  Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself
8  and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon,
9  and costs of suit.

10  64.  Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
11  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the
12  **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

13  **SECOND CAUSE OF ACTION**
14  **FAILURE TO PROVIDE REST PERIODS**
15  **(Lab. Code §§ 204, 223, 226.7 and 1198)**
16  **(Plaintiff and Rest Period Sub-Class)**

17  65.  Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
18  herein.

19  66.  At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been
20  non-exempt employees of Defendants entitled to the full rest period protections of both the Labor
21  Code and the applicable Wage Order.

22  67.  Section 12 of the applicable Wage Order imposes an affirmative obligation on
23  employers to permit and authorize employees to take required rest periods at a rate of no less than
24  ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be
25  in the middle of each work period insofar as practicable.

26  68.  Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit
27  employers from requiring employees to work during required rest periods and require employers to
28  pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on

1   each workday that the employee is not provided with the required rest period(s).

2       69.    Compensation for missed rest periods constitutes wages within the meaning of Labor

3   Code section 200.

4       70.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

5   violate the Wage Order.

6       71.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

7   Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**

8   with net rest period of at least ten minutes for each four hour work period, or major fraction thereof,

9   as required by the applicable Wage Order.

10      72.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**

11  **Class** members additional premium wages when required rest periods were not provided.

12      73.    Specifically, Defendants written policies do not provide that employees may take a

13  rest period for each four hours worked, or major fraction thereof, and that rest periods should be

14  taken in the middle of each work period insofar as practicable.

15      74.    Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself

16  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and

17  costs of suit.

18      75.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

19  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

20  **Rest Period Sub-Class** members, seek to recover reasonable attorneys' fees.

21                    **THIRD CAUSE OF ACTION**

22          **FAILURE TO PAY HOURLY AND OVERTIME WAGES**

23              **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

24                **(Plaintiff and Hourly Employee Class)**

25      76.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

26  herein.

27      77.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have

28  been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the

1  applicable Wage Order.

2       78.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during

3  which an employee is subject to the control of the employer, and includes all the time the employee

4  is suffered or permitted to work, whether or not required to do so."

5       79.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt

6  employees at least the minimum wage set forth therein for all hours worked, which consist of all

7  hours that an employer has actual or constructive knowledge that employees are working.

8       80.    Labor Code section 1194 invalidates any agreement between an employer and an

9  employee to work for less than the minimum or overtime wage required under the applicable Wage

10 Order.

11      81.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated

12 damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in

13 addition to the underlying unpaid minimum wages and interest thereon.

14      82.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less

15 than the minimum wage required under the applicable Wage Order for all hours worked during a

16 payroll period.

17      83.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

18 person acting either individually or as an officer, agent or employee of another person, to pay an

19 employee, or cause an employee to be paid, less than the applicable minimum wage.

20      84.    Labor Code section 1198 makes it unlawful for employers to employ employees

21 under conditions that violate the applicable Wage Order.

22      85.    Labor Code section 204 requires employers to pay non-exempt employees their

23 earned wages for the normal work period at least twice during each calendar month on days the

24 employer designates in advance and to pay non-exempt employees their earned wages for labor

25 performed in excess of the normal work period by no later than the next regular payday.

26      86.    Labor Code section 223 makes it unlawful for employers to pay their employees

27 lower wages than required by contract or statute while purporting to pay them legal wages.

28      87.    Labor Code section 510 and Section 3 of the applicable Wage Order require

1  employees to pay non-exempt employees overtime wages of no less than one and one-half times

2  their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all

3  hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on

4  the seventh consecutive day of one workweek.

5      88.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

6  employers to pay non-exempt employees overtime wages of no less than two times their respective

7  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

8  worked in excess of eight hours on a seventh consecutive workday during the workweek.

9      89.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

10  centrally devised policies and practices to her and **Hourly Employee Class** members with respect

11  to working conditions and compensation arrangements.

12      90.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

13  **Employee Class** members for all time worked, including but not limited to, overtime hours at

14  statutory and/or agreed rates.

15      91.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time

16  worked, including but not limited to, overtime wages, at statutory and/or agreed rates by suffering

17  or permitting her to work off-the-clock while putting on and taking off of costumes before and after

18  each performance.

19      92.    Plaintiff is informed and believes that, at all relevant times during the applicable

20  limitations period, Defendants maintained a policy or practice of not paying hourly wages to

21  **Hourly Employee Class** members for all time worked, including but not limited to, overtime

22  wages, at statutory and/or agreed rates by suffering or permitting them to work off-the-clock while

23  putting on and taking off costumes before and after each performance.

24      93.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

25  **Employee Class** members all earned wages every pay period at the correct rates, including

26  overtime rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and

27  **Hourly Employee Class** members to perform off-the-clock work.

28      94.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

1   members have suffered damages in an amount, subject to proof, to the extent they were not paid the

2   full amount of wages earned during each pay period during the applicable limitations period,

3   including overtime wages.

4       95.   Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

5   behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and

6   overtime wages, interest thereon and costs of suit.

7       96.   The regular rate of pay under California law includes all remuneration for

8   employment paid to, on behalf of, the employee.  This requirement includes but is not limited to,

9   piece rate, flat rate, commissions, and any of form of remuneration.

10      97.   During the applicable limitations period, Defendants violated the rights of Plaintiff

11  and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing

12  to pay them overtime wages for all overtime hours worked in violation of Labor Code sections 510,

13  1194 and 1198 by not correctly calculating their regular rate of pay to include all applicable

14  remuneration.

15      98.   California law uses the terms "compensation" and "pay" interchangeably and

16  requires that all applicable remuneration be included when calculating an employee's regular rate of

17  pay.

18      99.   At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

19  compensation that did not reflect, among other things, all remuneration as required by Labor Code

20  section 226.7(b) and Sections 11 and 12 of the applicable Wage Order on the occasions when

21  Defendants paid her premium wages in lieu of meal and/or rest periods.

22      100.  Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

23  during the applicable limitations period, Defendants maintained a policy or practice of paying

24  **Hourly Employee Class** members premium wages based on rates of compensation that have not

25  reflected all remuneration as required by Labor Code section 226.7(b) and Sections 11 and 12 of the

26  applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of

27  meal and/or rest periods.

28      101.  Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

**Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (Plaintiff and Wage Statement Penalties Sub-Class)

102.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

herein.

103.    Labor Code section 226(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.  The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.  For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

104.    Plaintiff is informed and believes that, at all relevant times during the applicable

limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

members with written wage statements as described above.

105.    Plaintiff is informed and believes that Defendants' failure to provide her and **Wage**

**Statement Penalties Sub-Class** members with accurate written wage statements were intentional in

that Defendants have the ability to provide them with accurate wage statements but have

intentionally provided them with written wage statements that Defendants have known do not comply with Labor Code section 226(a).

106.    Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned.  In addition, inaccurate information on their wage statements have prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to federal and state government agencies.

107.    Pursuant to Labor Code section 226(e), Plaintiff, on behalf of herself and **Wage Statement Penalties Sub-Class** members, seek the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code section 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code section 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable attorneys' fees and costs.

### FIFTH CAUSE OF ACTION

#### FAILURE TO TIMELY PAY ALL FINAL WAGES

#### (Lab. Code §§ 201-203)

#### (Plaintiff and Waiting Time Penalties Sub-Class)

108.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

109.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

110.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

111.    At all relevant times, pursuant to Labor Code section 202, employees who have

1  resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to

2  payment of all final wages at the time of resignation.

3      112.    At all relevant times, pursuant to Labor Code section 202, employees who have

4  resigned after giving less than seventy-two (72) hours notice of resignation have been entitled to

5  payment of all final wages within seventy-two (72) hours of giving notice of resignation.

6      113.    During the applicable limitations period, Defendants failed to pay Plaintiff all of her

7  final wages in accordance with the Labor Code by failing to timely pay her all of her final wages.

8      114.    Plaintiff is informed and believes that, at all relevant time during the applicable

9  limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

10  members all of their final wages in accordance with the Labor Code.

11      115.    Plaintiff is informed and believes that, at all relevant times during the applicable

12  limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

13  **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

14  sections 201 or 202 by failing to timely pay them all final wages.

15      116.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to

16  timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been

17  willful in that Defendants have the ability to pay final wages in accordance with Labor Code

18  sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible

19  with those requirements.

20      117.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of herself and

21  **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

22  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

23      118.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

24  and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**

25  **Class** members, seek awards of reasonable attorneys' fees and costs.

26  ///

27  ///

28  ///

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY WAGES WITHOUT DISCOUNT

### (Lab. Code § 212)

### (Plaintiff and Pay Discount Class)

119.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

120.    At all relevant times, Plaintiff and the **Pay Discount Class** members have been entitled to the protections of Labor Code section 212 which states:

"(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument, and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money."

121.    Defendants violated the Labor Code section 212 by issuing wages due in a non-negotiable manner which is not payable in cash at some place of business in the state without discount.

122.    At times during her employment, Defendants permitted patrons to earn and/or accumulate Club Dollars which they could then use to pay for dances given to them by Plaintiff and the putative class.  Although Plaintiff and the putative class were not required to accept Club Dollars as a form of payment for their services, any amounts so accepted by them were redeemed by Defendants only at ninety percent of their face value.

123.    Accordingly, Plaintiff and the putative class were not paid for all compensation earned by them in that the Club Dollars they redeemed were only redeemed at ninety percent of their face value.

124.    Plaintiff was not given an itemized wage statement when paid by Defendants.

///

**SEVENTH CAUSE OF ACTION**

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200 *et seq*.)**

**(Plaintiff and UCL Class)**

125.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

126.    Business and Professions Code section 17200 defines "unfair competition" to include any unlawful business practice.

127.    Business and Professions Code section 17203-17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure section 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

128.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonable should know that employees have worked.

129.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST, SECOND, THIRD, SIXTH and NINTH causes of action herein.

130.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

131.    Defendants have or may have acquired money by means of unfair competition.

132.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225, 226.6, 354, 408, 553, 1175 and 1199, which make it a misdemeanor to commit the Labor Code violations alleged herein.

133.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to provide non-exempt employees with paid rest breaks of at least ten minutes for every four hours worked or major fraction thereof, by failing to

1  pay non-exempt employees for all hours worked, and by failing to pay non-exempt employees

2  without a discount.

3       134.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt

4  employees and entitled to the full protections of both the Labor Code and the applicable Wage

5  Order.

6       135.    Defendants' unlawful conduct as alleged in this Complaint amounts to and

7  constitutes unfair competition within the meaning of Business and Professions Code section 17200

8  *et seq*. Business and Professions Code sections 17200 *et seq*. protects against unfair competition

9  and allows a person who has suffered an injury-in-fact and has lost money or property as a result of

10  an unfair, unlawful or fraudulent business practice to seek restitution on her own behalf and on

11  behalf of similarly situated persons in a class action proceeding.

12       136.    As a result of Defendants' violations of the Labor Code during the applicable

13  limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

14  of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants'

15  conduct.

16       137.    Plaintiff is informed and believes that other similarly situated persons have been

17  subject to the same unlawful policies or practices of Defendants.

18       138.    Due to the unfair and unlawful business practices in violation of the Labor Code,

19  Defendants have gained a competitive advantage over other comparable companies doing business

20  in the State of California that comply with their legal obligations.

21       139.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

22  for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act

23  violates or is considered unlawful under any other state or federal law.

24       140.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiffs

25  request the issuance of temporary, preliminary and permanent injunctive relief enjoining

26  Defendants, and each of them, and their agents and employees, from further violations of the Labor

27  Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek

28  an order permanently enjoining Defendants, and each of them, and their respective agents and

1  employees, from further violations of the Labor Code and applicable Industrial Welfare

2  Commission Wage Orders.

3      141.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

4  herself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

5  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

6  and unfair business practices.

7      142.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

8  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

9  reasonable attorneys' fees in connection with their unfair competition claims.

10                          **EIGHTH CAUSE OF ACTION**

11  **FAILURE TO PAY EMPLOYEES FOR ALL HOURS WORKED IN VIOLATION OF THE**

12                          **FAIR LABOR STANDARDS ACT**

13                          **(29 U.S.C. §§ 201 *et seq*.)**

14      143.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

15  herein.

16      144.    At all relevant times, Plaintiff and all similarly situated **FLSA Class** members who

17  submit Consents to Become Party Plaintiff are or were employed by and engaged in providing

18  services necessary by Defendants and have been entitled to the rights, protections and benefits

19  provided under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*

20      145.    The FLSA requires, among other things, that employers pay employees the minimum

21  wage for all time worked plus overtime. 29 U.S.C. §§ 206, 207 and 215.

22      146.    At all relevant times, Plaintiff and all similarly situated FLSA Class members

23  performed entertainment and dance services which are necessarily and directly related to the

24  principal activities of the employee's duties, and therefore constitutes compensable time under the

25  FLSA and is subject to the FLSA overtime requirements. 29 C.F.R. § 785.38.

26      147.    At all relevant times, Defendants have violated the FLSA by failing to pay Plaintiff

27  and all similarly situated FLSA Class members wages for all hours worked, including overtime.

28      148.    At all relevant times, Defendants have violated the FLSA by failing to pay **FLSA**

                                    24

1 **Class** members at one and one-half times the regular rate of pay when an employee's total hours

2 worked exceed forty hours in a workweek.

3       149.    Defendants have also violated the FLSA by failing to keep required accurate records

4 of all hours worked by **FLSA Class** members such as entertainers and dancers. 29 U.S.C. § 211(c).

5       150.    Plaintiff and similarly situated employees are victims of a uniform and entity-wide

6 compensation policy. This uniform policy has been applied to all employees employed by

7 Defendants in violation of the FLSA.

8       151.    Plaintiff and all similarly situated individuals are entitled to damages equal to the

9 mandated pay and overtime premium pay within the three years preceding the filing of this

10 Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew or

11 showed reckless disregard of whether their conduct was prohibited by the FLSA.

12       152.    Defendants have acted neither in good faith nor with reasonable grounds to believe

13 that their actions and omissions were not a violation of the FLSA. Plaintiff and other similarly

14 situated individuals are entitled to recover an award of liquidated damages in an amount equal to the

15 amount of unpaid compensation, including overtime wages and/or prejudgment interest at the

16 applicable rate. 29 U.S.C. § 216(b).

17       153.    As a result of violations of the FLSA minimum wage and overtime pay provisions,

18 Defendants have unlawfully withheld compensation from Plaintiff and all similarly situated

19 individuals. Defendants are liable for unpaid compensation, together with an amount equal as

20 liquidated damages, attorneys' fees and costs. 29 U.S.C. § 216(b).

21 **NINTH CAUSE OF ACTION**

22 **CIVIL PENALTIES**

23 **(Lab. Code §§ 2698 *et seq.*)**

24       154.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

25 herein.

26       155.    During the applicable limitations period, Defendants have violated Labor Code

27 sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198.

28       156.    Labor Code sections 2699(a) and (g) authorize an aggrieved employee, on behalf of

herself and other current and former employees, to bring a representative civil action to recover civil penalties pursuant to the procedures set forth in Labor Code section 2699.3 that may, but need not, be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

157.    Plaintiff, a former employee against who Defendants committed one or more of the alleged Labor Code violations during the applicable limitations period, is an aggrieved employee within the meaning of Labor Code section 2699(c).

158.    Plaintiff has complied with the procedures for bringing suit specified in Labor Code section 2699.3.

159.    Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil penalties for Defendants' violations of Labor Code sections 201, 202, 203, 204, 223, 226(a), 226.7, 227.3, 510, 512, 1194, 1197 and 1198:

        A.     For violations of Labor Code sections 201, 202, 203, 212, 226.7, 227.3, 1194 and 1198, $100 for each employee per pay period for each initial violation and $200 for each employee per pay period for each subsequent violation (penalties set by Labor Code section 2699(f)(2));

        B.     For violations of Labor Code section 203, a penalty in an amount not exceeding thirty days pay as waiting time (penalties set by Labor Code section 256);

        C.     For violations of Labor Code section 204, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 210);

        D.     For violations of Labor Code section 223, $100 for each employee for each initial violation that was neither willful nor intentional, $200 for each

employee, plus 25% of the amount unlawfully withheld from each employee, for each initial violation that was either willful or intentional, and $200 for each employee, plus 25% of the amount unlawfully withheld from each employee, for each subsequent violation, regardless of whether the subsequent violation was either willful or intentional (penalties set by Labor Code section 225.5);

E.    For violations of Labor Code section 226(a), if this action is deemed to be an initial citation, $250 for each employee for each violation.  Alternatively, if an initial citation or its equivalent occurred before the filing of this action, $1,000 for each employee for each violation (penalties set by Labor Code section 226.3);

F.    For violation of Labor Code sections 510 and 512, $50 for each employee for each initial pay period for which the employee was underpaid, and $100 for each employee for each subsequent pay period for which the employee was underpaid (penalties set by Labor Code section 558);

G.    For violations of Labor Code section 1197, $100 for each aggrieved employee for each initial violation of Labor Code section 1197 that was intentional, and $250 for each aggrieved employee per pay period for each subsequent violation of Labor Code section 1197, regardless of whether the initial violation was intentional (penalties set by Labor Code section 1197.1);

H.    Pursuant to Labor Code section 2699(g), Plaintiff seeks award of reasonable attorneys' fees and costs in connection with her claims for civil penalties.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

(1)    An order that the action be certified as a class action;

(2)    An order that Plaintiff be appointed class representative;

(3)    An order that counsel for Plaintiff be appointed class counsel;

(4)  Unpaid wages;

(5)  Actual damages;

(6)  Liquidated damages;

(7)  Restitution;

(8)  Declaratory relief;

(9)  Pre-judgment interest;

(10)  Statutory penalties;

(11)  Civil penalties;

(12)  Costs of suit;

(13)  Reasonable attorneys' fees; and

(14)  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

DATED:  January 5, 2018                          SETAREH LAW GROUP

_____
SHAUN SETAREH
Attorneys for Plaintiff
ELAINE P. GOMEZ-ORTEGA

FIRST AMENDED CLASS ACTION COMPLAINT