UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

ELAINE P. GOMEZ-ORTEGA,

Plaintiff,

v.

DEJA VU - SAN FRANCISCO, LLC, et al.,

Defendants.

Case No. 17-cv-06971-LB

**ORDER STAYING PROCEEDINGS**

Re: ECF No. 30, 31

## INTRODUCTION

This action is a labor dispute brought as a putative class action under Federal Rule of Civil Procedure 23. Plaintiff Elaine Gomez-Ortega, who brings claims on behalf of herself and other putative class members, is an exotic dancer who is suing the companies that managed the nightclubs where she worked.

The defendants — Deja Vu – San Francisco, LLC ("DV San Francisco"), Deja Vu Services, Inc. ("DV Services"), Deja Vu Showgirls of San Francisco, LLC ("DV Showgirls San Francisco"), and Deja Vu Showgirls-Sacramento LLC ("DV Showgirls Sacramento")[1] — have

---

[1] The caption on the Second Amended Complaint ("SAC") additionally names Deja Vu, Inc. ("DVI"), Pine Tree Assets, Inc. ("Pine Tree"), and Deja Vu – Highland Park, LLC ("DV Highland Park") as defendants. SAC – ECF No. 28 at 1. Those parties were named as defendants in Ms. Gomez-Ortega's First Amended Complaint ("FAC") and moved to dismiss Ms. Gomez-Ortega's claims against them for lack of personal jurisdiction. Defs.' Mot. to Dismiss [FAC] for Lack of Personal Jurisdiction – ECF
*(cont'd)*

ORDER – No. 17-cv-06971-LB

moved to stay the proceedings or dismiss Ms. Gomez-Ortega's complaint on the grounds that her claims are covered by three earlier-filed collective and class actions — *Roe v. SFBSC Entertainment, LLC*, No. 3:14-cv-03616-LB (N.D. Cal. filed Aug. 8, 2014), *Doe v. Deja Vu Services, Inc.*, No. 2:16-cv-10877-SJM-PTM (E.D Mich. filed Mar. 10, 2016), and *Predmore v. Stockton Enterprises, Inc.*, 2:17-cv-01091-MCE-GGH (E.D. Cal. filed May 24, 2017) — brought by exotic dancers against various combinations of the same defendants against whom Ms. Gomez-Ortega brings her claims.[2] Settlements have been entered in both the *Roe* action and the *Doe* action (both settlements are on appeal). *Roe v. SFBSC Mgmt., LLC*, No. 14-cv-03616-LB, 2017 WL 4073809 (N.D. Cal. Sept. 14, 2017), *appeal filed*, No. 17-17079 (9th Cir. filed Oct. 16, 2017); *Doe v. Deja Vu Services, Inc.*, No. 2:16-cv-10877, 2017 WL 2629101 (E.D. Mich. June 19, 2017), *appeal filed*, No. 17-1827 (6th Cir. filed July 19, 2017). Ms. Gomez-Ortega is a member of the settlement class in both the *Roe* and *Doe* actions, and much of what she claims against the defendants here would be released by the *Roe* and *Doe* settlements should they become final.

The court can decide the defendants' motion without a hearing. N.D. Cal. Civ. L.R. 7-1(b). After considering the relevant factors, the court determines that a stay of the proceedings is warranted. The court stays this action pending resolution of the appeals in the *Roe* and *Doe* actions.

---

No. 12. Ms. Gomez-Ortega voluntarily dismissed those defendants prior to filing her SAC. Pl. Notice of Dismissal – ECF No. 18. The court did not grant Ms. Gomez-Ortega leave to re-add those defendants in her SAC. *See* Order Granting Leave to Amend Compl. – ECF No. 23. The body of Ms. Gomez-Ortega's SAC only makes allegations against DV San Francisco, DV Services, DV Showgirls San Francisco, and DV Showgirls Sacramento, not DVI, Pine Tree, or DV Highland Park. SAC – ECF No. 28 at 2 (¶ 1), 3–4 (¶¶ 6–9). The court assumes that the failure to remove the latter three parties from the caption of the SAC was an oversight and that the only proper defendants who are currently parties to this action are DV San Francisco, DV Services, DV Showgirls San Francisco, and DV Showgirls Sacramento.

Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Def. Mot. to Dismiss – ECF No. 31. The defendants have also moved to stay the proceedings and compel Ms. Gomez-Ortega to arbitrate her claims, citing arbitration provisions in the contracts the parties signed. Defs. Mot. to Compel Arbitration – ECF No. 30.

**STATEMENT**

**1. The *Roe* Action**

The *Roe* action is a putative collective action under the Fair Labor Standards Act ("FLSA") and a putative class action under Federal Rule of Civil Procedure 23. *Roe*, 2017 WL 4073809, at *1. The plaintiffs are or were exotic dancers suing the companies that managed the nightclubs where they worked, which included (for the purposes of settlement) DV San Francisco and DV Showgirls San Francisco. *Id.* On September 14, 2017, the court approved a collective- and class-action settlement agreement. *Id.* As relevant here, the settlement provided that class members who did not submit an FLSA claim form and did not exclude themselves from the settlement would release all claims that are or could have been asserted against the defendants in that action from August 8, 2010 through April 14, 2017, except for claims under the FLSA. *Id.* at *5. The defendants assert, and Ms. Gomez-Ortega does not deny, that Ms. Gomez-Ortega was a member of the *Roe* settlement class and did not exclude herself from the settlement.[3]

The *Roe* settlement is currently on appeal before the Ninth Circuit.

**2. The *Doe* Action**

The *Doe* action is a putative collective action under the FLSA and a putative class action under Federal Rule of Civil Procedure 23. *Doe*, 2017 WL 2629101, at *1. The plaintiffs are or were exotic dancers suing the companies that managed the nightclubs where they worked, which included DV Services and (for the purposes of settlement) DV Showgirls Sacramento.[4] On June 19, 2017, the *Doe* court approved a collective- and class-action settlement agreement. *Doe*, 2017 WL 2629101, at *1. As relevant here, the settlement provided that class members who opted in to the settlement would release all FLSA claims and all state-wage-and-hour claims against the defendants from the class member's first interaction with the defendants in that action through the

---

[3] Myette Decl. – ECF No. 31-2 at 3 (¶¶ 9–10).

[4] *Doe* Settlement Agreement Ex. A – No. 2:16-cv-10877-SJM-PTM – ECF No. 34-2 at 2.

"Effective Date," defined as seven days after the judgment in that case becomes final.[5] The defendants assert, and Ms. Gomez-Ortega does not deny, that Ms. Gomez-Ortega affirmatively opted into the *Doe* settlement.[6] The *Doe* court also entered a preliminary injunction staying all related cases and claims against any Deja Vu-affiliated nightclub. *Doe v. Deja Vu Services, Inc.*, No. 2:16-cv-10877, 2017 WL 530434, at *2 (E.D. Mich. Feb. 9, 2017), *amended*, slip op. (E.D. Mich. Feb. 28, 2017), ECF No. 36.

The *Doe* settlement is currently on appeal before the Sixth Circuit.

### 3. The *Predmore* Action

The *Predmore* action is a putative collective action under the FLSA and a putative class action under Federal Rule of Civil Procedure 23.[7] The plaintiffs are or were exotic dancers suing the companies that managed the nightclubs where they worked, which included DV Showgirls Sacramento.[8] The *Predmore* court stayed all proceedings in that case until judgment in the *Doe* case is final. *Predmore v. Stockton Enters.*, No. 2:17-cv-01091-MCE-GGH, slip op. (E.D. Cal. Jan. 5, 2018), ECF No. 23.

### 4. This Action

Plaintiff Elaine Gomez-Ortega is an exotic dancer who worked for the defendants as a dancer/performer during two separate periods of time: August 2016 through October 2016, and then February 2017 through July 5, 2017.[9] Ms. Gomez brings state-labor-law claims and an FLSA claim against the defendants.

---

[5] *Doe* Settlement Agreement – No. 2:16-cv-10877-SJM-PTM (E.D. Mich.) – ECF No. 34-1 at 25 (¶ 3.38), 27–28 (¶ 3.50), 32 (¶ 3.80), 35–36 (¶ 3.94), 80 (¶ 12.1); *see also Doe*, 2017 WL 2629101, at *4 ("Under the terms of the settlement, all the opt-in class members release their FLSA claims, and all class members — except those who opted out — release their state-wage-and-hour claims.").

[6] Kopperkud Decl. – ECF No. 31-3 at 2 (¶ 4); Kopperkud Decl. Ex. 5 – ECF No. 31-3 at 5.

[7] *Predmore* Compl. – No. 2:17-cv-01091-MCE-GGH (E.D. Cal.) – ECF No. 1.

[8] *Id.*

[9] SAC – ECF No. 28 at 4 (¶ 13).

ORDER – No. 17-cv-06971-LB     4

Ms. Gomez-Ortega brought her earlier First Amended Complaint on behalf of various putative Rule 23 classes comprised of persons employed by the defendants at any point between December 6, 2013, and the date on which final judgment in this case is entered.[10] The defendants moved to dismiss and/or stay the case, arguing that (among other things) that Ms. Gomez-Ortega's claims were substantially covered and released by the *Roe* and *Doe* actions.[11] Ms. Gomez-Ortega filed a Second Amended Complaint, which redefined her putative Rule 23 classes to be comprised of persons employed by the defendants at any point between April 14, 2017 and the date on which final judgment in this case is entered.[12] Notably, while Ms. Gomez-Ortega limits who can be a member of her putative classes, Ms. Gomez-Ortega's actual claims against the defendants are not limited to the time after April 14, 2017, but purport to go back to the extent of the statute of limitations.[13]

## ANALYSIS

**1. Governing Law**

Under the first-to-file rule, "a district court [may] stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015); *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1292 (N.D. Cal. 2013). "The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments." *Wallerstein*, 967 F. Supp. 2d at 1292 (citing *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979)). Courts analyze three factors in determining whether to apply the first-to-file rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn*, 787 F.3d at 1240. "Regarding

---

[10] FAC – ECF No. 11 at 5 (¶ 17).

[11] Defs. Mot. to Dismiss [FAC] – ECF No. 14.

[12] SAC – ECF No. 28 at 9 (¶ 39).

[13] *See, e.g.*, *id.* at 13 (¶¶ 56–58), 14–15 (¶ 69), 17–18 (¶¶ 90, 92, 95, 98), 19 (¶ 102), 20–21 (¶ 111–13), 24 (¶ 134), 25–26 (¶¶ 149, 153, 155).

similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties." *Id.* (citing cases). "Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein*, 967 F. Supp. 2d at 1296. "The first-to-file rule is intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Kohn*, 787 F.3d at 1239 (citations and internal quotation marks and brackets omitted).

Additionally, a district court has the inherent power to stay proceedings in order to control its docket and in the interest of judicial efficiency. *See, e.g.*, *Strumlauf v. Starbucks Corp.*, No. 16-cv-01306-TEH, 2016 WL 3645194, at *1 (N.D. Cal. July 6, 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts analyze three factors in determining whether to grant a discretionary stay: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party absent a stay; and (3) judicial resources that would be saved by avoiding duplicative litigation." *Id.* (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

### 2. Application

The first-to-file factors are met here. First, the *Roe* action, the *Doe* action, and the *Predmore* action were all filed before this action was. Second, the parties are substantially similar. All of the defendants here are defendants in at least one of the *Roe*, *Doe*, or *Predmore* actions, and Ms. Gomez-Ortega is seeking to represent a class that includes at least some of the same individuals as in the *Roe* and *Doe* classes (as evidenced by the fact that she herself is a member of both the *Roe* and *Doe* settlement classes).[14] Third, the issues are substantially similar. All of these cases involve substantially similar wage-and-hour claims. Ms. Gomez-Ortega's claims that she limited her

---

[14] Ms. Gomez-Ortega attempts to plead around this in part by excluding from one of her proposed classes all individuals who opted into the *Doe* settlement. SAC – ECF No. 28 at 9 (¶ 40). But Ms. Gomez-Ortega herself opted into the *Doe* settlement and therefore would be excluded from her own class. It is black-letter law that a class-action plaintiff cannot represent a class of which she herself is not a member. *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) ("a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members") (quoting *E. Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

proposed classes and therefore her claims do not overlap with the claims in the *Roe* and *Doe* cases is unavailing. Ms. Gomez-Ortega limited her proposed classes to persons who were *employed* by the defendants after April 14, 2017 (i.e., she excludes persons who were only employed prior to April 14, 2017 but not afterwards), but for those individuals, she brings *claims* arising both before and after April 14, 2017.[15] Those claims overlap with the *Roe* and *Doe* actions. Additionally, if either the *Roe* or *Doe* case is reversed on appeal and continues litigating, Ms. Gomez-Ortega's claims would continue to overlap with those actions on an ongoing basis.

Even if the first-to-file factors were not met, a discretionary stay would be warranted. First, Ms. Gomez-Ortega has not identified any prejudice that she would suffer from a stay. Second, the defendants would suffer at least some hardship and inequity in the absence of a stay if they are forced to expend resources litigating claims against Ms. Gomez-Ortega that may be entirely released by the *Roe* and *Doe* settlements. *Cf. Tovar v. Hospital Housekeeping Sys., Inc.*, No. CV 09-03487 MMM (RNBx), 2009 WL 10672526, at *5 (C.D. Cal. Nov. 2, 2009) ("Where the opponent does not adduce evidence that it will be harmed by a stay, . . . courts have considered the moving party's burden in litigating the case to be a legitimate form of harm."). Third, staying this case would preserve judicial resources and avoid the risk of inconsistent rulings between this case and the *Roe*, *Doe*, and *Predmore* litigations. *Cf. id.* at *6 ("It would waste judicial resources and be burdensome upon the parties if the district court in a case were mandated to determine the merits of a case at the same time as the separate proceeding is going through a substantially parallel process.") (internal brackets and ellipses omitted) (quoting *Sequoia Forestkeeper & Earth Island Inst. v. U.S. Forest Serv.*, No. CV F 07-1690 LJO DLB, 2008 WL 2131557, at *5 (E.D. Cal. May 21, 2008)); *accord Predmore*, slip op. (staying case until *Doe* judgment is final).

---

[15] *See, e.g.*, SAC – ECF No. 28 at 13 (¶¶ 56–58), 14–15 (¶ 69), 17–18 (¶¶ 90, 92, 95, 98), 19 (¶ 102), 20–21 (¶ 111–13), 24 (¶ 134), 25–26 (¶¶ 149, 153, 155).

ORDER – No. 17-cv-06971-LB    7

## CONCLUSION

For the foregoing reasons, the court says this action until resolution of the appeals in the *Roe* and *Doe* actions. Within sixty days of the date of this order, and every sixty days thereafter, the parties are directed to file a joint status report advising the court of the status of the *Doe* action.

**IT IS SO ORDERED.**

Dated: May 7, 2018

LAUREL BEELER
United States Magistrate Judge