UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ELAINE P. GOMEZ-ORTEGA, | Case No.  3:17-cv-6971-LB |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER TO SHOW CAUSE** |
| DÉJÀ VU – SAN FRANCISCO, LLC, et al., | |
| Defendants. | |

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

1                    CASE NO: 3:17-cv-6971-LB

[PROPOSED] ORDER TO SHOW CAUSE RE DISMISSAL OF ACTION

# BACKGROUND

This is a labor dispute brought as a putative class action under Federal Rule of Civil Procedure 23.[1] The court previously stayed the case.[2] The court also preliminarily approved a class-action settlement in two related cases.[3] That settlement would resolve the putative class claims in this case.[4] The hearing for final approval is scheduled for November 17, 2022.[5]

On June 30, 2022, plaintiff's counsel filed a motion to withdraw on the grounds that there had been a "complete and utter breakdown" in the attorney-client relationship and no communications with plaintiffs for "several months."[6] The motion was unopposed.[7]

On August 4, 2022, the court held a hearing on plaintiff's counsel's motion to withdraw. Despite service of the motion on plaintiff and a court order for plaintiff to appear by Zoom, she failed to do so.[8] The court granted the motion and ordered plaintiff to appear on September 29, 2022, by Zoom – either pro se or through new counsel – or risk sanctions, including (1) terminating sanctions in the form of dismissal of her case and (2) monetary sanctions.[9] The court further ordered plaintiff's former counsel to send all filings in the case, including a copy of the order granting the motion to withdraw, and to serve plaintiff with notice of the September 29, 2022, conference and instructions for how to appear by Zoom.[10]

Despite service of the court's order granting the motion to withdraw and notice of the September 29, 2022, conference (along with instructions for how to appear via Zoom), plaintiff again failed to appear.[11] The court scheduled a further status conference on October 13, 2022, and directed withdrawing counsel to service notice of the conference on plaintiff, which withdrawing counsel did.[12]

---

[1] Second Amended Complaint – ECF No. 28. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.
[2] Order – ECF No. 36.
[3] Order – ECF No. 109.
[4] Joint Case Mgmt. Statement – ECF No. 101 at 4.
[5] Order – ECF No. 109.
[6] Mot. – ECF No. 107 at 2, 4; ECF No. 107-1 Dilts' Decl. at 2.
[7] Statement of Non-Opposition – ECF No.113.
[8] Am. Proof of Serv. – ECF No. 110; Order – ECF No. 112; Min. Entry – ECF No. 116; Order – ECF No. 114 at 2-3.
[9] Order – ECF No. 114 at 3.
[10] Order – ECF No. 114 at 3; Clerk's Notice – ECF No. 117.
[11] Proof of Serv. – ECF No. 118; Min. Entry – ECF 119.
[12] Min. Entry – ECF No. 119; Proof of Serv. – ECF No. 120.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

2   CASE NO:  3:17-cv-6971-LB
ORDER TO SHOW CAUSE RE DISMISSAL OF ACTION

The court held a further status conference on October 13, 2022.[13] Neither plaintiff nor counsel on plaintiff's behalf appeared.[14]  The court now orders plaintiff to appear on November 17, 2022, to show cause as to why this action should not be dismissed for failure to prosecute and comply with the court's orders.

**ANALYSIS**

Federal Rule of Civil Procedure 41(b) provides that the failure of the plaintiff to prosecute her claims is grounds for involuntary dismissal of the action.  "The courts have read this rule to require prosecution with 'reasonable diligence' if plaintiff is to avoid dismissal." *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (*citing Ballew v. Southern Pacific Co.*, 428 F.2d 787 (9th Cir. 1970)).  "This court has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *Id.* (internal citation omitted).  "The law presumes injury from unreasonable delay." *Id.* (*citing States Steamship Co. v. Philippine Air Lines*, 426 F.2d 803, 804 (9th Cir. 1970)).  "However, this presumption of prejudice is a rebuttable one and if there is a showing that no actual prejudice occurred, that factor should be considered when determining whether the trial court exercised sound discretion." *Id.* (*citing Reizakis v. Loy*, 490 F.2d 1132 (4th Cir. 1974)).

Rule 41(b) also authorizes courts to dismiss an action for plaintiff's failure to comply with court orders.  Fed. R. Civ. P. 41(b); *Yourish v. California Amplifier*, 191 F.3d 983, 986-987 (9th Cir. 1999) (holding that Rule 41(b) authorizes dismissal "for failure of plaintiff… to comply with any order of the court….").

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction… is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Conn. Gen. Life Ins. Co. v. New Images of Beverly*

---

[13] Min. Entry – ECF No. 121.
[14] Min. Entry – ECF No. 121.

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

3   CASE NO:  3:17-cv-6971-LB
ORDER TO SHOW CAUSE RE DISMISSAL OF ACTION

1  *Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (*quoting Jorgensen v. Cassiday*, 320 F.3d 906, 912

2  (9th Cir. 2003) (setting forth five-factor test of *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130

3  (9th Cir. 1987)); *Yourish*, *supra*, 191 F.3d at 987 (9th Cir. 1999) (applying the five-factor test to

4  involuntary dismissals under Rule 41(b)).  "The sub-parts of the fifth factor are whether the court

5  has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party

6  about the possibility of case-dispositive sanctions." *Id*. (*citing Valley Eng'rs v. Elec. Eng'g Co.*,

7  158 F.3d 1051, 1057 (9th Cir. 1998)).

8        "A terminating sanction, whether default judgment against a defendant or dismissal of a

9  plaintiff's action, is very severe…. Only 'willfulness, bad faith, and fault' justify terminating

10  sanctions." *Connecticut General*, 482 F.3d at 1096 (*citing Jorgensen*, 320 F.3d at 912).

11        Before ordering a terminating sanction, a court must warn the plaintiff and try other

12  sanctions first.  For example, a district court's failure to warn a party that dismissal is being

13  considered as a sanction weighs heavily against the sanction. *U.S. ex rel. Wiltec Guam, Inc. v.*

14  *Kahaluu Constr. Co.*, 857 F.2d 600, 605 (9th Cir. 1988).  Although "[a]n explicit warning is not

15  always required, at least in a case involving 'egregious circumstances,'" "[i]n other

16  circumstances, the failure to warn may place the district court's order in serious jeopardy." *Id*.

17  (citing *Malone*, 833 F.2d at 132–33).  Indeed, "'[f]ailure to warn has frequently been a

18  contributing factor in [Ninth Circuit] decisions to reverse orders of dismissal.'" *Id*. (*quoting*

19  *Malone*, 833 F.2d at 133).

## ORDER TO SHOW CAUSE

21        The court has twice ordered plaintiff to appear – either pro se or through new counsel –

22  for status conferences on September 29 and October 13, 2022.  Plaintiff was served with the

23  court's orders requiring her to appear and notices of the conferences.  Both times, plaintiff was

24  warned that failure to appear could result in monetary and terminating sanctions.  Plaintiff

25  violated the court's orders and has indicated no intention of further prosecuting this action since

26  her attorneys withdrew due to a breakdown in communications and the attorney-client

27  relationship.  Moreover, at the October 13, 2022, status conference, defendants' counsel advised

28  the court that neither plaintiff, nor new counsel on plaintiff's behalf, have contacted defendant's

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA  94104

4    CASE NO:  3:17-cv-6971-LB
ORDER TO SHOW CAUSE RE DISMISSAL OF ACTION

counsel about this action.

Based on the foregoing, the court orders plaintiff to appear on November 17, 2022, at 9:30 a.m. by Zoom – either pro se or through new counsel – and show cause why this action should not be dismissed for failure to prosecute and comply with the court's orders. If the plaintiff does not appear, the court warns that she faces sanctions, including monetary sanctions, and, ultimately, dismissal of her cause for failure to prosecute and comply with the court's orders, and entry of judgment in favor of the defendant.

**IT IS SO ORDERED.**

Dated: \_\_\_\_October 21\_\_\_\_, 2022

_____
LAUREL BEELER
United States Magistrate Judge

LONG & LEVIT LLP
465 CALIFORNIA STREET,
5TH FLOOR
SAN FRANCISCO,
CALIFORNIA 94104

5    CASE NO: 3:17-cv-6971-LB
ORDER TO SHOW CAUSE RE DISMISSAL OF ACTION